## IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

SHEILA ISBY                                        **PLAINTIFF**

V.                            CAUSE NO.: CV25-0011(PF)L

REVLON CONSUMER PRODUCTS
CORPORATION, REVLON, INC.,
AND WAL-MART, INC.                               **DEFENDANTS**

### COMPLAINT FOR PRODUCT LIABILITY

**COMES NOW** the Plaintiff, Sheila Isby, by and through her attorney, and files this Complaint against Defendants REVLON CONSUMER PRODUCTS CORPORATION, REVLON, INC., and WAL-MART, INC., and in support thereof would show unto the Court the following:

### PARTIES

1. **Plaintiff:** Sheila Isby is an adult resident of Lee County, Mississippi, whose address is 705A Rd 1149, Plantersville, Mississippi 38862.

2. **Defendant Revlon Consumer Products Corporation:** A corporation engaged in the manufacture and sale of various products including hair products, with its principal place of business at One New York Plaza, New York, New York 10004

3. **Defendant Revlon, Inc.:** The parent corporation of Revlon Consumer Products Corporation, with its principal place of business at One New York Plaza, New York, New York 10004

4. **Defendant Wal-Mart, Inc.:** A corporation engaged in the retail sale of various products, including hair care items, which may be served with process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

### JURISDICTION AND VENUE

5. This civil action arises from personal injuries and damages sustained by Plaintiff as a result of using a product manufactured, distributed, and sold by Defendants.

6. Jurisdiction is proper in this Court as the events and occurrences giving rise to this Complaint occurred within Lee County, Mississippi.

**FILED**

JAN 0 2 2025

CAMILLE ROBERTS DULANEY
LEE CO. CIRCUIT CLERK
_____ D.C.

EXHIBIT A

7. Venue is proper in this Court as the Defendants conduct business in Lee County, and the incidents giving rise to this Complaint occurred there.

## FACTUAL ALLEGATIONS

8. On or about January 3rd 2022 Plaintiff purchased a Revlon Colorsilk beautiful color which is an Ammonia free hair dye product manufactured by Defendant REVLON CONSUMER PRODUCTS CORPORATION from Defendant WAL-MART, INC..

9. On or about January 5th 2022 Plaintiff used Revlon Colorsilk beautiful color and experienced a severe allergic reaction.

10. Prior to using the product, the Plaintiff read the instructions on the Revlon Colorsilk beautiful color box and conducted the recommended allergy test as directed, which returned negative results.

11. Upon using the hair dye as instructed, Plaintiff experienced severe adverse reactions, including:

- Destruction of her hair;

- Burns to her scalp;

- Persistent pain and flare-ups on her scalp;

- Emotional trauma; and

- Exacerbation of her pre-existing condition of schizophrenia.

12. Plaintiff incurred significant medical expenses for:

- Dermatology visits to treat scalp burns and flare-ups;

- Psychiatric care due to the worsening of her schizophrenia; and

- Treatment for ongoing pain and suffering.

13. Plaintiff has spent thousands of dollars on wigs due to hair loss, but her scalp rejects them, compounding her emotional and financial distress.

14. Defendant REVLON CONSUMER PRODUCTS CORPORATION negligently designed, tested, manufactured, and marketed the product, rendering it unreasonably dangerous.

15. Defendant WAL-MART, INC., as the seller, negligently placed the defective product into the hands of the consumer.

16. Both Defendants breached their duty of care by failing to provide adequate warnings or instructions regarding the risks associated with the product, Revlon Colorsilk beautiful color, despite knowing or having reason to know of the dangers. But for the Defendants express warranty that the product would be safe to use after performing allergy testing the Plaintiff would not have suffered damages.

17. The Defendants further breached their duty of merchantability by failing to provide a product that was free from unreasonable risk. It is unreasonable to experience an allergic reaction to a product when being assured by the safety label that the allergy testing is adequate to determine if you will experience an allergic reaction. But for the Defendants negligence the Plaintiff would have never suffered the allergic reaction.

18. The Defendants should be held to a standard of strict liability because the harm would not have occurred if their product was not defective.

## COUNT I: NEGLIGENCE

19. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

20. . Defendants owed a duty of care to Plaintiff to act as a reasonably prudent manufacturer to ensure that the product was safe for its intended use and to warn of any foreseeable dangers.

21. Defendants breached their duty by:

   a. Failing to properly test the product for safety;

   b. Manufacturing a product with known risks without adequate warnings;

   c. Failing to recall or modify the product despite knowledge of its dangers;

   d. Negligently distributing and selling the product to consumers.

22. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered severe physical, emotional, and financial harm.

## COUNT II: BREACH OF IMPLIED WARRANTY

23. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

24. Defendants expressly warranted that the hair dye was safe and fit for its intended purpose if the user of the product performed the allergy test provided with the Revlon Colorsilk beautiful

color. The Plaintiff adhered to the warning label marked Important Safety Warning and correctly followed the testing procedure. The Plaintiff received a negative result for allergen and still experienced a severe allergic reaction.

25. The product failed to conform to this warranty, causing harm to Plaintiff.

26. As a result of this breach, Plaintiff is entitled to damages.

## COUNT III: STRICT LIABILITY

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. Defendants manufactured, distributed, and sold a product that was defective and unreasonably dangerous at the time it left their control.

29. Defendants are strictly liable for the harm caused by their product under Mississippi law, which does not require proof of negligence.

30. The product was defective in design, manufacture, or labeling, and this defect proximately caused Plaintiff's injuries.

31. As a direct result of the defective product, Plaintiff has suffered physical pain, emotional distress, financial losses, and ongoing medical expenses.

## COUNT IV: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

32. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

33. Defendants breached their duty of good faith and fair dealing by:
    a. Placing a defective product into the market;
    b. Failing to disclose the known dangers of the product;
    c. Misleading consumers, including Plaintiff, into believing the product was safe.

34. As a result of Defendants' breach, Plaintiff has suffered physical, emotional, and financial harm.

## DAMAGES

35. As a proximate consequence of the Defendants' actions, Plaintiff has suffered and continues to suffer:
    a. Physical pain and suffering, past, present, and future;
    b. Emotional distress and mental anguish;

    c. Significant medical expenses;

    d. Financial losses related to the purchase of ineffective remedies and wigs; and

    e. Other damages to be determined at trial.

36. Defendants' conduct was grossly negligent and warrants the imposition of punitive damages pursuant to Mississippi Code Section 11-1-65.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages to cover medical expenses, emotional distress, and financial losses;

2. For punitive damages to deter similar conduct by Defendants;

3. For award in excess of the Courts Jurisdictional Minimum;

4. For attorney's fees and costs of this action; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this the ___ day of December 2024.

SHELIA ISBY, Plaintiff

BY: _Matthew Black_

MATTHEW BLACK
Attorney for Plaintiff
Black Law & Associates, PLLC
PO Box 147
Okolona, Mississippi 38860-0147
662-447-2522
blacklawandassociates@gmail.com
MSB# 106452

**FILED**

JAN 0 2 2025

CAMILLE ROBERTS DULANEY
LEE CO. CIRCUIT CLERK
_____ D.C.